**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UNITED STATES OF AMERICA,

  Plaintiff,

  vs.

A SAVAGE WESTPOINT RIFLE,
.22 CALIBER, SERIAL NO D262898, et al.,

  Defendants.

Case No. 1:11-cv-271

Dlott, C.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

  This is a civil in rem forfeiture action brought to enforce 21 U.S.C. §§ 881(a)(7) and 881(a)(11) and/or 18 U.S.C. § 924(d).  This matter is now before the Court on the United States entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), against Chase McCoy for failure to timely file an answer pursuant to the Court's previous Order (Doc. 19), 18 U.S.C. § 983(a)(4)(A) and (B), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

  Pursuant to Rule G(4)(b)(i) and (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).

  In this case, The United States sent Direct Notice and a copy of the complaint by certified mail and regular mail to the following potential claimants: to Dale McCoy, Inmate No. A611518, Correctional Receptions Center, P.O. Box 300, Orient, Ohio

43146, on August 29, 2011; Chase McCoy, 9916 State Route 243, South Point, Ohio 45680 on August 29, 2011; and Kerry McCoy, 9916 State Route 243, South Point, Ohio 45680 on September 2, 2011 (Doc. 12).

The Direct Notice explained the requirement of filing a Claim with the Clerk of the Court within thirty-five (35) days after direct notice was sent.  In addition, it gave notice that any person having filed such a Claim shall also serve and file an Answer to the Complaint or a motion under Rule 12 within twenty-one (21) days after filing the Claim. The Direct Notice described in detail the requirements of a Claim pursuant to Supplemental Rule G(5) (Doc. 12).  Claimants filed several Claims, none of which fully complied with Rule G.  Thus, on February 29, 2012, Chase McCoy was ordered to file a Claim no later than fourteen (14) days from the entry of the Order and to file an Answer to the Complaint within twenty-one (21) days of the entry of the Order in full compliance with Rule G(5)(i).[1] On March 16, 2012, Chase McCoy filed an Affidavit of Property Interest.  (Doc. 24).

Plaintiff asserts that this filing may be construed as a Claim; however, Chase McCoy has yet to file any document which is responsive to the Complaint's allegations as is required as an answer.  Accordingly, Plaintiff argues that because Chase McCoy has failed to comply with the Court's Order, entry of default judgment is appropriate.

Upon careful review, the undersigned finds that Plaintiff's motion is not well-taken at this time.  The Sixth Circuit Court of Appeals has stressed that, with respect to default judgments, there is a strong preference in federal courts for a trial on the merits, and hence judgments by default should be viewed as a drastic step and resorted to only in

---

[1] The Order further stated that failure to fully comply with the Order will result in the Claim and/or Answer being stricken from the docket and will result in a Default Judgment being entered in favor of the United States. (Doc. 19).

extreme cases such as where the conduct on the part of the defendant is known to be willful.  *United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983); *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 397–98 (6th Cir. 1987).  Such is not the case here, as the record indicates that Claimant has made several attempts to comply with Supplemental Rule G(5) and the Court's Order.  Moreover, the Court recently appointed counsel for Claimant Chase McCoy pursuant 18 U.S.C. § 983(b)(2)(A), without objection by Plaintiff.

Accordingly, in light of Claimant McCoy's recent appointment of counsel and recognizing the Sixth Circuit's strong preference for trial on the merits**, IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for entry of default (Doc. 26) be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge