UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. | 1:11-cv-271 |
| PLAINTIFF, : | | |
| v. : | | |
| : | | |
| A SAVAGE WESTPOINT RIFLE, : | | |
| .22 CALIBER, SERIAL NO. D262898, : | | |
| et al., : | | |
| DEFENDANTS. : | | |

## CONSENT JUDGMENT AND DECREE OF FORFEITURE

The United States filed an Amended Verified Complaint for Forfeiture in Rem on August 24, 2011 (Doc. 4). This is a civil *in rem* forfeiture action brought to enforce forfeiture of the following property pursuant to 21 U.S.C. §§ 881(a)(7) and 881(a)(11) and/or 18 U.S.C. § 924(d):

**(the "firearm defendants")**

1. Defendant 1 is a Savage Westpoint Rifle, .22 Caliber, Serial No. D262898;
2. Defendant 2 is a Rohm Derringer, .38 Caliber, Serial No. 18946;
3. Defendant 3 is a Norinco (North China Industries) SKS 7.62x39mm Rifle Receiver and Stock, Serial No. 9080498;
4. Defendant 4 is an Enfield No. 4 MKI Rifle, .303 Caliber, Serial No. Z25588;
5. Defendant 5 is a Lakefield Arms Ltd. Model 64 Rifle, .22 Caliber, Serial No. L101874;
6. Defendant 6 is a Winchester Model 370 12-Gauge Shotgun, Serial No. C353305;
7. Defendant 7 is a Savage Model 94 12-Gauge Shotgun, Serial No. C521411;
8. Defendant 8 is an Iver Johnson 12-Gauge Shotgun bearing no serial number; and

**(the "real property defendant"):**

9. Defendant 9 is real property known and numbered as 9916 State Route 243, South Point, Ohio with all appurtenances, improvements, and attachments thereon.

The Court recognized the jurisdiction it had over the firearm defendants when it directed the Clerk to issue a Warrant for Arrest in Rem on May 5, 2011 (Doc. 2). The Court also recognized the jurisdiction it had over the real property defendant when it issued a Writ of Entry on August 25, 2011 (Doc. 5).

Pursuant to Rule G(4)(b)(i) and (ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B). The Direct Notice instructs the potential claimant or the potential claimant's attorney of the date the notice was sent; the deadline for filing a claim, at least thirty-five days after the Direct Notice was placed in the mail or thirty days after the final publication of this action; that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and the name of the United States Attorney to be served with the claim and answer. The Direct Notice must be sent by means reasonably calculated to reach the potential claimant.

The United States sent Direct Notice and a copy of the complaint by certified mail and regular mail to the following potential claimants: to Dale McCoy, Inmate No. A611518, Correctional Receptions Center, P.O. Box 300, Orient, Ohio 43146, on August 29, 2011; Chase McCoy, 9916 State Route 243, South Point, Ohio 45680 on August 29, 2011; and Kerry McCoy, 9916 State Route 243, South Point, Ohio 45680 on September 2, 2011 (Doc. 12).

On September 30, 2011 and October 3, 2011, Chase McCoy (the "Claimant") filed two Claims (Docs. 6 and 8). On September 30, 2011, Kerry McCoy filed a statement which was docketed as a "Claim" (Doc. 7). On October 5, 2011, Dale McCoy filed a statement which was docketed as a "Claim" (Doc. 9) followed by a "Notice" (Doc. 10) regarding that claim on October

2

11, 2011.

Upon motion of the plaintiff, the Court issued an Order (Doc. 19) striking Claims 6, 7, 8, and 9 on March 1, 2012. Prior to the entry of the Order, the McCoys filed Amended Claims (Docs. 16, 17 and 18). Kerry McCoy and Dale McCoy specifically disclaimed any interest in the Defendants (Docs. 17 and 18).

The McCoys then filed additional claims. On March 12, 2012, Dale McCoy filed a Claim (Doc. 23) specifically disclaiming any interest in the defendants. On March 16, 2012, Kerry McCoy filed a Claim (Doc. 25) specifically disclaiming any interest in the defendants.

Upon motion of the Claimant, and without objection by the United States, Magistrate Bowman issued an Order appointing counsel, Edward C. Perry, to represent the Claimant in this forfeiture action on December 6, 2012 (Doc. 39). The Claimant filed an Answer to the Amended Complaint on January 4, 2013 (Doc. 42). Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is required to publish notice of the forfeiture action against the defendant property and of the right to contest the forfeiture of the defendant property on the official government forfeiture website, www.forfeiture.gov for 30 consecutive days. The United States posted notice of this civil forfeiture action on the official government internet publication site (www.forfeiture.gov), beginning on August 27, 2011 for 30 consecutive days (Doc. 11).

As of October 26, 2011, which is sixty days after the first date of publication, no other person, has filed a claim or an answer to the United States' Amended Complaint for Forfeiture in Rem.

The United States and the Claimant, Chase McCoy, (collectively "the Parties"), wish to avoid further litigation and to resolve to their mutual satisfaction the Claimant's claim in this civil

3

in rem forfeiture of the property.

In order to accomplish the Parties' mutual goals and by virtue of their signatures on this Consent Judgment and Decree of Forfieture, the Parties agree as follows:

a. The Claimant agrees that all of his right, title and interest in the firearm defendants is hereby forfeited to the United States because the firearm defendants are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(11) and/or 18 U.S.C. § 924(d) (related to one or more violations of 21 U.S.C. § 841);

b. The Claimant withdraws all of his claims to all the firearm defendants in this civil forfeiture including, but not limited to, any claim he may have to interest, costs, and attorney fees, with respect to the seizure and this forfeiture action;

c. The United States agrees to the dismissal of the real property defendant, Defendant 9, from this civil forfeiture action;

d. The United States agrees to file a release of the lis pendens filed in the Lawrence County Common Pleas Court within 20 days of the docketing of this Consent Judgment and Decree of Forfeiture;

e. The Claimant agrees that there will be no harassment of his neighbors by the Claimant or any of his family members;

f. The Claimant agrees that the real property defendant will not be transferred at any time to Dale McCoy or Kerry McCoy, and that it can only be sold to third parties;

g. The Parties agree that there was reasonable and probable cause to bring a forfeiture action pursuant to 21 U.S.C. § 881(a)(11) and/or 18 U.S.C. § 924(d) and the Claimant agrees that he did not substantially prevail in this action;

h. The Claimant agrees to release and hold harmless the United States and its agencies and

any state or local agencies, their agents, servants, employees, and officers acting in their individual or official capacities, from any and all claims, demands, causes of action or suits, of whatever kind and description, and wheresoever situated, that might exist or may arise as a result of the forfeiture of the firearm defendants;

i. It is understood and expressly agreed that nothing contained herein shall be construed as an admission of any wrongdoing or criminal activity on the part of the Claimant, or his heirs, successors or assigns, but said Consent Judgment is entered into to avoid further litigation; and

j. Each party shall bear its own attorney fees and related costs associated with this Consent Judgment.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the firearm defendants is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. ' 881(a)(11) and/or 18 U.S.C. § 924(d). All right, title, and interest in the firearms defendants is vested in the United States of America and no right, title, or interest shall exist in any other person or entity.

It is further ORDERED that the real property defendant, Defendant 9 is real property known and numbered as 9916 State Route 243, South Point, Ohio with all appurtenances, improvements, and attachments thereon is hereby DISMISSED from this forfeiture action.

The United States Marshals Service shall dispose of the firearm defendants in accordance with the law.

SO ORDERED:

*Stephanie K. Bowman*
Stephanie K. Bowman, Magistrate Judge
UNITED STATES DISTRICT COURT

APPROVED:

I have read and understand the Consent Judgment of Forfeiture and Decree of Forfeiture, and have discussed it with counsel, and I knowingly and voluntarily agree to the terms.

Date: 9-04-13

*/s/ Chase McCoy*
Chase McCoy, Claimant
9916 State Route 243
South Point, Ohio

Date: 9-3-13

*/s/ Edward C. Perry*
Edward C. Perry, Esq.
Attorney for Chase McCoy
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202

CARTER M. STEWART
United States Attorney

*/s/ Donetta D. Wiethe*
DONETTA D. WIETHE (0028212)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 Fax: (513) 684-6972
Donetta.Wiethe @usdoj.gov